## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**EC NEW VISION OHIO, LLC, *et al.*,**

       **Plaintiffs,**

                                **Civil Action 2:23-cv-691**
                                **Judge Sarah D. Morrison**
   **v.**                            **Magistrate Judge Elizabeth P. Deavers**

**GENOA TOWNSHIP,**

       **Defendant.**

### <u>OPINION AND ORDER</u>

This matter is before the Court for consideration of Defendant's Motion to Stay Discovery.  (ECF No. 11 (the "Motion to Stay Discovery").)  For the reasons that follow, the Motion to Stay Discovery is **DENIED**.

### I.

Plaintiffs filed their Complaint for Declaratory Judgment, Permanent Injunction, and Damages on February 17, 2023, generally alleging that Defendant improperly denied Plaintiffs' rezoning application.  (*See* ECF No. 1 (the "Complaint").)  On April 5, 2023, Defendant filed its Motion to Dismiss the Complaint, generally arguing that Plaintiff EC New Vision Ohio, LLC lacks standing to bring the asserted claim, that Plaintiffs have failed to state a claim upon which relief can be granted, and that Plaintiffs did not properly effectuate service.  (ECF No. 8 (the "Motion to Dismiss").)

On April 7, 2023, Defendant also filed the subject Motion to Stay Discovery, generally asserting that "[a] resolution of the Motion to Dismiss has the potential to substantially impact the scope of the case going forward" and a stay of discovery is appropriate "so that Defendant

will avoid being subjected to possibly unnecessary and burdensome costs." (ECF No. 11.) On April 28, 2023, Plaintiffs responded in opposition, arguing that "[t]he limited circumstances that warrant a stay of discovery . . . are not present here," that Defendant "utterly fails to substantiate any undue burden or harm that discovery would impose," and that they "will be prejudiced if discovery is stayed by further delaying the development of their private property and increasing the overall cost of this litigation." (ECF No. 15.) On May 12, 2023, Defendant filed a reply brief, arguing that Plaintiffs "oversimplify the standard of review for a motion to stay discovery pending a motion to dismiss," that it would be unduly burdened should discovery proceed, and that Plaintiffs would not be prejudiced by a discovery stay. (ECF No. 21.) The Motion to Stay Discovery is therefore ripe for review.

## II.

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). District courts have broad discretion to stay discovery. *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005). As is the case here, parties routinely move to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) ("This Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). But "as a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*

Yet in "certain special circumstances," a stay may be appropriate. *Id.* A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a

defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds," where "it appears that the complaint will almost certainly be dismissed[,]" or where the motion to dismiss is based on lack of jurisdiction. *Id.*; *Young v. Mesa Underwriters Specialty Ins. Co.,* No. 2:19-CV-3820, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020).

Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Id.* (quoting *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citations omitted)). Still, the Court must "tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Young*, 2020 WL 7407735, at *2 (S.D. Ohio Oct. 19, 2020) (quoting *Ohio Valley Bank*, 2019 WL 2170681, at *2).

### III.

Here, the Court concludes that Defendant has failed to demonstrate that a stay of discovery is justified. To be clear, this is a high bar, one which Defendant does not appear to appreciate in the subject briefing. While the Court agrees that resolution of the Motion to Dismiss "will possibly impact the types of claims that will go forward, the parties involved, and whether the case will proceed at all," this is true of every motion to dismiss. (ECF No. 11 at PAGEID # 424.) Defendant has not articulated why the Court should stray from its general

3

hesitation to stay discovery while a motion to dismiss is pending. *See Shanks*, 2009 WL 2132621, at *1. As Plaintiff notes, the underlying Motion to Dismiss does not implicate any issues of immunity or the violation of a statute of limitations, and Defendant does not argue that the case "will almost certainly be dismissed." *Id.*; *Young*, 2020 WL 7407735, at *2. Instead, Defendant urges the Court to grant a discovery stay because it "should not [] be exposed to unnecessary costs and burdens of discovery before the preliminary issues are resolved." (ECF No. 11 at PAGEID # 425.)

But this argument is not well taken, as the balance of hardships weighs in favor of allowing discovery to proceed. There is no dispute that denial of the stay could result in Defendant spending "time and money on discovery that may subsequently be moot after a ruling on" the Motion to Dismiss. *Young*, 2020 WL 7407735, at *2. The Court recognizes this burden, but – again – "it is the same burden that nearly every defendant in this Court faces in civil litigation[,] [a]nd had the drafters of the Federal Rules meant to alleviate that burden on civil litigants, the Court is confident they would have said so." *Id.* at *3.[1] Moreover, a discovery stay would prejudice Plaintiffs by delaying the resolution of this case. *Id.* at *2. "As reflected in the Federal Rules," Plaintiffs deserve their case to be heard "in a timely and efficient manner." *Id.* at *3. Staying discovery would undermine this goal, especially given Defendant's failure to articulate how such a stay would serve the interests of judicial economy.

---

[1] While the Court also recognizes that Defendant's status as a "taxpayer-funded entity of local government" also implicates separate interests, the Court does not agree with Defendant's suggestion that "[s]ocietal [i]nterests" necessarily change the Court's analysis in this case. (ECF No. 21 at PAGEID # 505.) Because Defendant did not elaborate on this argument, the Court need not either.

**IV.**

For the foregoing reasons, the Court finds that Defendant has not carried its burden to show that a stay of discovery is appropriate under the circumstances presented in this case.  The Court, therefore, concludes that a stay of discovery pending resolution of Defendant's Motion to Dismiss is not warranted.  Defendant's Motion to Stay Discovery, ECF No. 11, is **DENIED**. The temporary stay of discovery is **LIFTED**.

The parties are **ORDERED** to meet and confer regarding the case schedule and to submit a revised Rule 26(f) Report by **JULY 26, 2023**.

**IT IS SO ORDERED.**

Date: July 12, 2023                    */s/ Elizabeth A. Preston Deavers*
                                       **ELIZABETH A. PRESTON DEAVERS**
                                       **UNITED STATES MAGISTRATE JUDGE**