UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EC NEW VISION OHIO, LLC,
*et al.*,

                                      :

        Plaintiffs,

          v.

GENOA TOWNSHIP, OHIO,      :

        Defendant.

Case No. 2:23-cv-0691
Judge Sarah D. Morrison
Magistrate Judge Elizabeth A.
Preston Deavers

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Genoa Township's Motion to Dismiss. (Mot., ECF No. 8.) Plaintiffs EC New Vision Ohio, LLC ("Epcon") and Mary Jo Vilardo, in her capacity as Trustee of the Phillip J. Vilardo Sr. Irrevocable Trust (the "Trust") opposed.[1] (Opp., ECF No. 14.) Defendant replied. (Reply, ECF No. 18.) The Motion is ripe for consideration.

For the reasons below, Defendant's Motion is **GRANTED in part** and **DENIED in part**.

---

[1] Plaintiffs have requested oral argument on this Motion. (Opp., ECF No. 14, PAGEID # 433.) Because additional argument is unnecessary, that request is **DENIED**.

## I.     FACTUAL BACKGROUND

Plaintiffs' well-pled facts in the Complaint are considered true for purposes of the Motion. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).[2]

Epcon is under contract to purchase a 62-acre parcel of land in Genoa Township (the "Property") from the Trust. Epcon intends to develop the Property into a residential community. (Compl., ECF No. 1 ¶¶ 1, 11, PAGEID # 2, 4.) This dispute arose when the Genoa Township Trustees ("Township Trustees") denied Plaintiffs' application to re-zone the Property from Rural Residential ("RR") to Planned Residential District ("PRD").

### A.     The Property

The Property is currently zoned RR. (*See id.* ¶ 31, PAGEID # 6.) Zoned when the Township was predominantly farmland, the Property is now surrounded by residential subdivisions. (Opp., ECF No. 14, PAGEID # 439.) In Plaintiffs' view, the RR classification imposes safety concerns, environmental dangers, and economic burdens—and the PRD classification would alleviate those issues. (Opp., ECF No. 14, PAGEID # 439.)

***Safety***. Plaintiffs allege that, under RR zoning, each home built on the Property would need a separate driveway to access the highway because the Property's shape and orientation permits only restricted access to Big Walnut Road

---

[2] The Court can consider the documents attached to the Genoa Township's Motion to Dismiss. *See Armengau v. Cline*, 7 F. App'x 336, 344 (6th Cir. 2001) ("If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings.") (citation omitted).

and State Route 3. (*Id*. ¶ 34, PAGEID # 8.) Constructing and maintaining numerous individual driveways along a busy thoroughfare would create significant traffic congestion and traffic safety issues. PRD zoning would minimize traffic and safety concerns. (Compl., ECF No. 1 ¶ 47, PAGEID # 11.)

*Environmental*. The Property includes .47 acres of wetlands and a 1.25-acre pond. (*Id*. ¶ 39, PAGEID # 9.) Plaintiffs allege that any development under the current zoning would require installing nitrate-leaching septic systems near the property's wetlands, leaving those wetlands unprotected. (Opp., ECF No. 14, PAGEID # 439.) Moreover, the wetlands present flooding issues that would persist with development under the RR zone. (Compl., ECF No. 1 ¶ 37, PAGEID # 9.) But a PRD zoning classification would, in Plaintiffs' view, allow the wetlands to be preserved and managed. (*See id*.)

*Economic*. Finally, Plaintiffs allege that RR zoning makes development economically infeasible. For one, RR requires a larger lot area than PRD—so re-zoning the Property would allow more homes to be built. (*See id*. ¶ 38, PAGEID # 9.)

## B.    The Township's Rezoning Application Process

It is undisputed that a township has authority to rezone land under Ohio law. (*See* Mot., ECF No. 8, PAGEID # 72; Opp., ECF No. 14, PAGEID # 440.) To accommodate economic growth, the Township enacted a Zoning Resolution and a Comprehensive Plan.[3] (*Id*. ¶¶ 41–43, PAGEID # 10.) Since the adoption of the

---

[3] The Township adopted the Zoning Resolution in 1999 and amended it in 2022. It adopted the Comprehensive Plan on December 1, 2016, and last revised it on January 7, 2019. (Compl., ECF No. 1 ¶¶ 20-21, PAGE ID # 5-6.)

Zoning Resolution and Comprehensive Plan, many Genoa Township properties originally zoned as RR have been rezoned as PRDs, which is more favorable to residential land development. (*Id.* ¶¶ 22-23, 44, PAGEID # 6,10; *see* Zoning Resolution § 901.) Landowners wanting to re-zone their property from RR to PRD must first undergo a pre-application process. (*See* Zoning Resolution § 2702.01.) This process consists of a pre-application discussion where the applicant is introduced to the Township's policies, regulations, and procedures and discusses the proposed development with the Township's administrative staff. (*Id.* § 2702.01(A).) No approval is necessary at this stage.

After the pre-application discussion, the next step is filing a rezoning application with the Zoning Inspector or her designee. (*Id.* §§ 2701.01(A), 2701.02). The application must include a Zoning Map Amendment application and a Preliminary Development Plan. (*Id.* §§ 2701.01(A)). The Delaware County Regional Planning Commission will then hold a public hearing before it makes a recommendation to the Genoa Township Zoning Commission that the application be approved, denied, or modified. (*Id.* § 2704.02). The Zoning Commission then makes its own recommendation to the Township Trustees, after receiving public input. (*Id.* § 2704.10). The Township Trustees take these recommendations and hold another public hearing. The Trustees then "approve, approve with modifications, or deny" the rezoning application. (Zoning Resolution § 2704.11(A), (B).)

## C.    Township Trustees Denied Plaintiffs' Rezoning Application

For months, Plaintiffs planned and designed a residential development on the Property and met with county and local officials. (Compl., ECF No. 1 ¶ 3,

PAGEID # 2.) On March 7, 2022, they submitted their application to rezone the Property to PRD classification (the "Rezoning Application"). (Compl., ECF No. 1 ¶ 45, PAGEID # 10–11.) The Delaware Regional Planning Commission recommended approval, as did the Zoning Commission.

On August 29, 2022, the Township Trustees met to consider Plaintiffs' Rezoning Application. (*Id.* at ¶ 56, PAGEID # 13.) During the meeting, Trustee and Board Chair Renee Vaughan expressed concerns about the proposed development's impact on traffic and density. (*Id.* at ¶¶ 4, 58, PAGEID # 3, 14.) Plaintiffs allege that Trustee Vaughan, who lives two-doors down from the Property, held personal bias against the Rezoning Application and argue that she was prohibited by Ohio law from voting on the Rezoning Application because of her proximity to the Property. (*Id.* at ¶¶ 57-59, PAGEID # 13-14.) Nevertheless, Vaughan voted against the Rezoning Application, and Plaintiffs believe that she improperly influenced the deliberations. (*Id.* at ¶ 59-62, PAGEID # 14-15.) The Trustees voted 2-1 against Plaintiffs' application. According to Plaintiffs, the only reason for the denial were Vaughan's traffic and density concerns. (Compl., ECF No. 1 ¶¶ 57-58, 62, PAGEID # 13-15.)

Plaintiffs then filed the instant action, alleging:

- Violation of substantive due process (Count I);

- Violation of procedural due process (Count II);

- Violation of equal protection (Count III);

- Declaratory judgment (Count IV);

- Regulatory taking (Count V); and

- Due Process Taking (Count VI).

The Township now moves to dismiss Plaintiffs' Complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6).[4]

As an initial matter, dismissal under 12(b)(1) is inappropriate. The Township argues only that Epcon lacks standing because it does not own the Property. But there is no question that the Trust, as owner of the Property, has standing. Because Epcon's claims are identical to the Trust's, Epcon's claims are justiciable. *Ne. Ohio Coal. for the Homeless v. Husted*, 837 F.3d 612, 623–24 (6th Cir. 2016) (explaining that identical claims brought by other parties to the same lawsuit are justiciable when one party has standing). Accordingly, the Court will address the Township's 12(b)(6) arguments.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a)

---

[4] The Township also moved to dismiss under Rule 12(b)(5) for insufficient service of process. The Township abandoned that argument, however, and acknowledged that it was properly served with process. (*See* Reply, ECF No. 18, PAGEID # 488.)

standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court has explained:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotations omitted). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## III.   ANALYSIS

### A.      Due Process Claims[5] (Counts I, II, and VI)

The Due Process Clause extends only to alleged deprivations of "life, liberty, or property." U.S. Const. amend XIV, § 1; *Rice v. Vill. of Johnstown*, 30 F.4th 584,

---

[5] Plaintiffs brings its procedural due process claims under both the Due Process Clause as applied to states through the Fourteenth Amendment to the United States Constitution and under Article I, Section 16 of the Ohio Constitution. The Ohio Supreme Court treats such claims brought under the Ohio Constitution as equivalent to their federal counterpart. *State v. Aalim*, 2017-Ohio-2956, ¶ 15, 150 Ohio St. 3d 489, 494, 83 N.E.3d 883, 890.

590 (6th Cir. 2022) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972)). Thus, governmental actions may be challenged only when it can be shown that it deprives a litigant of a property or liberty interest. *Gen. Elec. Co. v. New York State Dep't of Lab.*, 936 F.2d 1448, 1453 (2d Cir. 1991). The Township contends that Plaintiffs failed to allege a protected property or liberty interest. Plaintiffs counter that their "protected property interest vested when they submitted their Rezoning Application." (Opp., ECF No. 14, PAGEID # 459.)

### 1. Property Interests

To establish the requisite property interest, Plaintiffs must demonstrate a "legitimate claim of entitlement" to approval of their Rezoning Application or a "justifiable expectation" that the Township Trustees would approve it. *Triomphe Inv'rs v. City of Northwood*, 49 F.3d 198, 202 (6th Cir. 1995). That means Plaintiffs must have more than "an abstract need," "desire," or "unilateral expectation" in the approval of their application. *See Roth*, 408 U.S. at 577 (1972). Whether a party has a legitimate entitlement to, or justifiable expectation of a benefit is a question of state law. *EJS Props., LLC v. City of Toledo*, 698 F.3d 845, 855 (6th Cir. 2012) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982)). Indeed, property interests exist when there is a state policy, law, or "mutually explicit understanding" that both secures certain benefits and supports claims of entitlement to those benefits. *See Braun v. Ann Arbor Charter Twp.*, 519 F.3d 564, 573 (6th Cir. 2008) (internal quotations and citations omitted).

In the zoning context, if the zoning authority has discretion to issue or deny an applicant's asserted property interest, then a plaintiff has no legitimate claim of entitlement or reasonable expectation thereto, and therefore no property interest. *Brown v. City of Ecorse*, 322 F. App'x 443, 445 (6th Cir. 2009); *see, e.g., Silver v. Franklin Tp. Bd. of Zoning Appeals*, 966 F.2d 1031, 1036 (6th Cir. 1992) (holding if the zoning authority has discretion to deny the plaintiff a conditional zoning certificate, then the plaintiff had no "'legitimate claim or entitlement'" nor "'justifiable expectation in approval.'") (internal quotations omitted). In other words, "a party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary." *Med Corp. Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir.2002) (citations omitted). If the government has "unconstrained discretion to deny the benefit, a prospective recipient of that benefit can establish no more than a 'unilateral expectation to it.'" *Med Corp.*, 296 F.3d at 410 (quoting *Roth*, 408 U.S. at 577).

So here, Plaintiffs must establish that if they "complied with certain minimum, mandatory requirements," the Board of Trustees had *no discretion* to deny their Rezoning Application. *Silver*, 966 F.2d at 1036; *see also Triomphe*, 49 F.3d at 203 (determining that the land developer had no justifiable expectation that its development project would be approved because city council had discretion to deny it even if the minimum requirements were met).

Plaintiffs argue that the Ohio Revised Code limits the Township's authority "in accordance with a comprehensive plan," so the Township Trustees lacked discretion to deny their application. They also argue that the Zoning Resolution and the Comprehensive Plan create "certain minimum mandatory requirements."

> **i.    The Ohio Revised Code does not eliminate the Township Trustees' discretion to deny the Rezoning Application.**

Plaintiffs argue that Ohio townships have limited authority to zone property and a township's actions must be "in accordance with a comprehensive plan." (Opp., ECF No. 14, PAGEID # 440-441 (citing Ohio Rev. Code § 519.02).) In Plaintiffs' view, Ohio law mandates approval of their Rezoning Application provided they complied with the Township's Comprehensive Plan. The Court disagrees.

Ohio law authorizes township trustees to regulate building and land use in unincorporated territory. Ohio Rev. Code § 519.02(A). Townships may also adopt regulations for planned-unit developments, and any such regulation "shall include standards to be used . . . in determining whether to approve or disapprove any proposed development within a planned-unit development." Ohio Rev. Code § 519.021. The statute does not mandate approval of a rezoning application if certain conditions are satisfied; Ohio Rev. Code § 519.021 directs townships to develop standards for deciding certain rezoning applications, it does not direct townships to approve every application that meets those standards.

In short, the statutes grant township trustees authority to regulate zoning matters, and discretion to approve or deny applications as they see fit. *See Oberer Land Developers, Ltd. v. Sugarcreek Township, Ohio*, No. 3:19-CV-82, 2020 WL

1466184, at *5 (S.D. Ohio Mar. 26, 2020) (Rice, J.) (determining that Ohio Rev. Code § 519.02 grants discretion to township trustees to approve or reject a proposed development plan).

> ### ii. The Zoning Resolution does not eliminate the Township Trustees' discretion to deny the Rezoning Application.

Plaintiffs next contend that the Zoning Resolution mandates minimum requirements that, if met, confer on them a protected property interest. (Opp., ECF No. 14, PAGEID # 459.) Again, the Court disagrees.

Zoning Resolution § 108 provides that rezoning applications must be "consistent and compatible" with the Comprehensive Plan. It goes on to say that the Comprehensive Plan is a "guide" in making zoning determinations. (Zoning Resolution § 108.) Article 27 of the Zoning Resolution establishes the procedures for considering applications to rezone to PRDs and provides that the Township Trustees shall vote to "approve, approve with modifications, or deny the Zoning Map Amendment...." (Zoning Resolution § 2704.17(A)). In other words, the Zoning Resolution requires that rezoning applications be consistent with the Comprehensive Plan *if approved*—not that every application consistent with the Comprehensive Plan *be approved*. Even if a proposed development conforms to the Comprehensive Plan, the Township Trustees have discretion to approve it or not.

> ### iii. The Comprehensive Plan does not eliminate the Township Trustees' discretion to deny the Rezoning Application.

Finally, Plaintiffs assert that the Comprehensive Plan is a "controlling document," and that "if a rezoning conforms to [it], the Township has no discretion to deny it." (Opp., ECF No. 14, PAGEID # 14.) That is incorrect.

The Comprehensive Plan "provides guidance for continued development of Genoa Township." (Comprehensive Plan; ECF No. 8-3, PAGEID # 320, 323.) It "may be utilized as a guide in the administration of [the] Zoning Resolution." (Zoning Resolution § 108, ECF No. 8-1, PAGEID # 108.) If the two conflict, the Zoning Resolution controls. (*Id.*) But the plain text of the Plan allows the Township Trustee's discretionary decision-making authority. The permissive term "may" in the Plan undermines any argument that the Comprehensive Plan vested in Plaintiffs an entitlement to rezoning as a PRD once minimum requirements were fulfilled. *See, e.g., Triomphe*, 49 F.3d at 203.

## 2. Liberty Interests

Plaintiffs also argue that they have a liberty interest in engaging in "whatever business they elect to pursue." (Opp., ECF No. 14, PAGEID # 460.) The list of liberty interests recognized by courts, however, "is short, and the Supreme Court has expressed very little interest in expanding it." *EJS Props.*, 698 F.3d at 860 (citation omitted). Plaintiffs' proposed liberty interest is not one courts have recognized—particularly given that establishing a zoning body to regulate land use for public welfare and safety is a lawful exercise of a local government's police powers. *See Vill. of Euclid v. Ambler Realty Co.*, 272 U.S. 365, 391.

In sum, Plaintiffs fail to plausibly allege a protected property or liberty interest in the Rezoning Application's success.[6]

The Township's Motion to Dismiss is **GRANTED** as to Counts I, II, and VI.

## B. Equal Protection Claim (Count III)

The Equal Protection Clause prevents states from making distinctions that "(1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly-situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010) (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir. 2005)). Plaintiffs do not allege that the Township Trustees' actions burdened a fundamental right or that they are part of a suspect class. Rather they seek to proceed under a "class-of-one" theory. To prevail on such a theory, Plaintiffs must assert that they were treated differently from others similarly situated, and that there lacked any rational basis for the difference. *Warren v. City of Athens*, 411 F.3d 697, 710 (6th Cir. 2005). This "rational basis" showing is made either 1) by negativing every conceivable reason for the government's actions, or 2) by demonstrating that the actions were motivated by animus or ill-will. *Id.* at 711.

---

[6] Because Plaintiffs have neither a "legitimate claim of entitlement" to the approval of their Rezoning Application nor a "justifiable expectation" that it would be approved, the Court need not consider allegations that the Township was biased and whether they made an arbitrary and irrational decision. *McGuire v. City of Moraine*, 178 F. Supp. 2d 882, 893 (S.D. Ohio 2001) (Rice, J.) (finding that there is no need to consider factual issues of bias unless the record demonstrates that the plaintiffs had a constitutionally protected property interest in the approval of their zoning application).

Class-of-one claims are generally viewed "with skepticism given the potential to 'provide a federal cause of action for review of almost every executive and administrative decision made by state actors.'" *Shavers v. Almont Twp.*, 832 F. App'x 933, 937 (6th Cir. 2020) (internal quotations omitted). Thus, a plaintiff bringing a "class-of-one" claim faces an "uphill climb." *In re City of Detroit*, 841 F.3d 684, 701 (6th Cir. 2016). Such claims are evaluated under rational-basis review, which means that the challenged "government action is afforded a strong presumption of validity." *Id.* The plaintiff 's burden to overcome the presumption of validity begins with the complaint. *See also Club Italia Soccer & Sports Org. Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 298 (6th Cir. 2006).

Here, the Township argues that Plaintiffs have not adequately alleged "ill will," "animus," or "any feeling directed to Plaintiffs themselves as opposed to their application" to support their class-of-one theory. (Mot., ECF No. 8, PAGEID # 89-90.) The Township also argues that because Plaintiffs fail to allege that the identified comparators are "similar in all relevant respects", their Equal Protection claim must be dismissed. (*Id.*, PAGEID # 89).

### 1. Similarly Situated

Under a class-of-one theory, Plaintiffs are held to a higher, particularized standard when identifying others "similarly situated." *See Leib v. Hillsborough Cty. Pub. Trans. Comm'n*, 558 F.3d 1301, 1307 (11th Cir. 2009); *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006); *JDC Mgmt., LLC v. Reich*, 644 F.Supp.2d 905, 926-27 (W.D. Mich. 2009) (collecting cases). To plead "similarly situated" for equal protection purposes, a complaint must allege facts supporting

the conclusion that plaintiffs and the alleged comparators were similarly situated "in all material respects." *Rondigo v. L.L.C. Twp. of Richmond*, 641 F.3d 673, 682 (6th Cir. 2011). "Materiality is an integral element of the rational basis inquiry . . . . [D]isparate treatment of persons is reasonably justified if they are dissimilar in some material respect." *TriHealth, Inc. v. Bd. of Comm'rs*, 430 F.3d 783, 790 (6th Cir. 2005). The standard does not require "exact correlation,"— instead, courts should look for "relevant similarity." *Bench Billboard Co. v. City of Cincinnati*, 675 F.3d 974, 987 (6th Cir. 2012).

Here, Plaintiffs make specific allegations that they were similarly situated with other properties and applicants. Plaintiffs claim that "the Township treated other landowners more fairly" than them in rezoning "nearly one hundred properties from Rural Residential to PRD." (Opp., ECF No. 14, PAGEID # 463.) They point to three specific properties for which the Township Trustees approved rezoning. Plaintiffs allege that the Township denied their proposed development because of density concerns even though it rezoned these three properties with similar densities— 1.95, 2.2, 3.12 and units per net acre—from RR to PRD. (*See* Compl., ¶¶ 28-29, PAGEID # 7.) Although the Zoning Resolution allows up to 2.2 units per developable acre in a PRD, Plaintiffs proposed plan included 1.9 units per net developable acre—well within the limit. (Compl., ECF No. 1 ¶ 54; PAGEID # 13.) While not an "exact correlation," those allegations sufficiently identify similarly situated comparators at this stage.

## 2.  Rational Basis

Plaintiffs must next allege facts supporting the reasonable inference that "there is no rational basis for such difference in treatment." *Andrews v. City of Mentor, Ohio*, 11 F.4th 462, 473 (6th Cir. 2021) (quoting *Warren*, 411 F.3d at 710). Plaintiffs must allege that the Township's lacked a rational basis "either by 1) 'negat[ing] every conceivable basis which might support' the government action, or 2) demonstrating that the challenged government action was motivated by animus or ill-will." *Id*. (quoting *Warren*, 411 F.3d at 711). Plaintiffs do not allege the second prong. Neither Trustee Vaughan nor any other trustee is alleged to have "hostility," "animosity," or a personal vendetta against Plaintiffs. *Shavers v. Almont Twp.*, 832 F. App'x 933, 939 (6th Cir. 2020) (explaining that a plaintiff must demonstrate the official's actions were motivated by "personal malice" unrelated to their official duties). Vaughan's concerns, as she expressed them, pertained to the Rezoning Application itself and were related to her official duties as Township Trustee.

So, Plaintiffs must demonstrate the denial was "so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the [Township Trustee's] actions were irrational." *Ziss Bros. Contr. Co. v. City of Indep.*, 439 F. App'x 467, 478 (internal quotations omitted). That means Plaintiffs must plead facts that plausibly negate the Township's "likely non-discriminatory reasons for the disparate treatment." *Andrews*, 11 F.4th at 478 (6th Cir. 2021) (internal citations omitted).

Plaintiffs assert that Trustee Vaughan, who lives three parcels away from the Property, was "hyper-focused" on the increase in traffic and density in her

16

neighborhood as a result of the proposed development—concerns Plaintiffs contend were "unsubstantiated." (Opp., ECF No. 14, PAGEID # 464.) As to traffic, Plaintiffs allege that road safety will improve with PRD zoning. And as to density, Plaintiffs point to several developments with even greater density than Plaintiffs', and whose rezoning applications were nevertheless approved. Plaintiffs assert that both trustees voted against the Rezoning Application based on Vaughan's "own personal motives." (Compl., ECF No. 1 ¶ 57, PAGEID # 13.) The Township has not otherwise provided any likely non-discriminatory reasons for the purported disparate treatment, and Plaintiffs aver that the sole reason provided to them is unrelated to achieving any legitimate governmental purposes of curbing traffic or density. And Plaintiffs cannot be expected to "concoct and rebut a potentially valid rationale for the [Township's] action in order to survive the pleadings stage where the [Township] itself has failed to do so." *Andrews*, 11 F.4th at 478.

Therefore, the Township's Motion to Dismiss Count III is **DENIED**.

### C.    Regulatory Takings (Count V)

The Takings Clause of the Fifth Amendment, made applicable to state governments through the Fourteenth Amendment, provides that "private property shall not 'be taken for public use, without just compensation." *Murr v. Wisconsin*, 582 U.S. 383, 392 (2017) (citations and quotations omitted). A "regulatory taking" concerns land-use regulations. *Penn Cent. Transp. Co. v. City of New York* ("*Penn Central*"), 438 U.S. 104, 123-24 (1978) (quoting *Armstrong v. U.S.*, 364 U.S. 40, 49 (1960)).

"Takings" can fall into two general categories. The first is a total regulatory taking, which allows the property owner "*no* productive or economically beneficial use of land" and entitles the property owner to just compensation under the Fifth Amendment. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992) (emphasis in original); *see D.A.B.E., Inc. v. City of Toledo*, 292 F. Supp. 2d 968, 971 (N.D. Ohio 2003), *aff'd*, 393 F.3d 692 (6th Cir. 2005). The second is a partial regulatory taking, which is a less intrusive regulation that prevents the property owner from some, but not all economic use of his land. *D.A.B.E.*, 292 F. Supp. 2d at 971; *Lucas*, 505 U.S. at 1019. *See also Andrews*, 11 F.4th at 468 (citing *Penn Central*, 438 U.S. at 124). A partial taking may still entitle the property owner to just compensation, depending on the level of intrusion and the governmental interest at stake. *D.A.B.E.*, 292 F. Supp. 2d at 971-72; *see Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). In *Penn Central*, the Supreme Court established standards for evaluating whether a government regulation gives rise to a partial takings claim, explaining that courts must engage in an *ad hoc* factual inquiry that considers a myriad of factors including: (1) the economic impact of the regulation, (2) its interference with reasonable investment-backed expectations, and (3) the character of the government action. *Penn Central*, 438 U.S. at 124.

Here, Plaintiffs have alleged a partial regulatory taking, claiming that failure to remove the RR zoning classification interferes with their "investment-backed expectation" and "results in severe detrimental economic impact" to them. (Compl., ECF No. 1 ¶ 96, PAGEID # 20.) In response, the Township contends that denial of

18

the Rezoning Application did not impose limitations that are "functionally equivalent" to a constitutional taking. (Mot., ECF No. 8, PAGEID # 92.)

In line with the *Penn Central* factors, Plaintiffs have alleged: (1) that the economic impact of the existing zoning and the Township's actions has been substantial because Plaintiffs spent a significant sum designing and planning the application; (2) that Plaintiffs expected they would be able to invest in and develop the Property and put it to full economic business use; and (3) that the Township Trustees' denial has forced Plaintiffs alone to bear a burden that should be shared by the community as whole and the character of that burden is not temporary as the land remain undeveloped and vacant. Accordingly, Plaintiff has sufficiently alleged a partial regulatory taking.

Thus, the Township's Motion to Dismiss Count V is **DENIED**.

### D.      Declaratory Judgment (Count IV)

Finally, the Township seeks dismissal of Plaintiffs' declaratory judgment claim. (Mot., ECF. No. 8, PAGEID # 93-94.) To the extent that Plaintiffs' declaratory relief relates to Counts I, II, and VI (which have been dismissed, supra), the Motion is well taken. But because Counts III and V survive, Plaintiffs' declaratory judgment claim survives to the same extent because it would provide additional relief. *See, e.g.*, *Finesse Express, LLC v. Total Quality Logistics, LLC*, No. 1:20cv235, 2021 WL 1192521, at *8 (S.D. Ohio Mar. 30, 2021) (Sargus, J.) (declining to dismiss declaratory judgment claim where it would provide more complete relief).

### E. Injunctive Relief

In their prayer for relief, Plaintiffs request a permanent injunction "enjoining the Township from preventing [them] from completing their residential community based on the unconstitutional denial of its application to rezone the Property to Planned Residential District." (Compl., ECF No. 1, § VI(c), PAGEID # 22.) The Township argues that this request is overly broad.

Overbroad requests for injunctive relief are generally improper. *See Perez v. Ohio Bell Tel. Co.*, 655 Fed. Appx. 404, 410 (6th Cir. 2016) ("the prohibition on overbroad or vague injunctions is deeply rooted in equity"). "Injunctive relief must be tailored to remedy *the specific harm alleged*…." *Hicks v. Clermont Cnty. Bd. Of Comm'rs*, No. 1:17-CV-677, 2018 WL 6418895, at *5 (S.D. Ohio Dec. 6, 2018) (Black, J.) (limiting the scope of the injunction to the specific harm identified). If injunctive relief is granted in this action, it will be at the Court's discretion to "fashion the precise language." *Doe v. U. of Tennessee*, 186 F. Supp. 3d 788, 815 (M.D. Tenn. 2016) (declining to dismiss the plaintiff's entire claim for injunctive relief although it includes overly broad language); *see also Lloyd v. Pokorny*, No. 2:20-CV-2928, 2021 WL 928377, at *4 (S.D. Ohio Mar. 11, 2021) (explaining that overbroad requests for injunctive is not typically addressed at the pleading stage) (Sargus, J). Because the Court has discretion to fashion the injunction, if any, the Court need not dismiss Plaintiffs injunctive relief request at this juncture.

### IV.    CONCLUSION

For the reasons set forth above, Defendant Genoa Township's Motion to Dismiss (ECF. No. 8) is **GRANTED in part** and **DENIED in part**. Plaintiffs' due

process claims under Counts I, II, and VI are **DISMISSED**. Plaintiffs may proceed on Counts III, IV and Count V.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**