IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **EC NEW VISION OHIO, LLC et al.**, | : | |
| | : | Civil Action No. 2:23-cv-00691 |
| Plaintiffs, | : | |
| | : | Judge Sarah D. Morrison |
| v. | : | |
| | : | Chief Magistrate Judge Elizabeth P. Deavers |
| **GENOA TOWNSHIP, OHIO**, | : | |
| | : | |
| Defendant. | : | |

**JOINT MOTION FOR COURT APPROVAL OF PROPOSED CONSENT DECREE PURSUANT TO OHIO REVISED CODE SECTION 505.07**

Now come Plaintiffs EC New Vision Ohio, LLC ("Epcon") and Mary Jo Vilardo, in her capacity as Trustee of the Phillip J. Vilardo Sr. Irrevocable Trust (the "Trust") (together, "Plaintiffs") and Defendant Genoa Township, Ohio (the "Township") (collectively, the "Parties") and hereby respectfully submit for this Court's review and approval, the proposed consent decree (the "Consent Decree"), attached hereto as Joint Exhibit I, as a full and final settlement of this case pursuant to Ohio Revised Code Section 505.07.  As set forth herein, the Parties published proper notice of the settlement pursuant to Section 505.07 and the settlement is both fair and reasonable.

**I.  BACKGROUND**

The case concerns Plaintiffs' approximately 62.054-acre property located at the northwest corner of Big Walnut Road and State Road 3, Parcel No. 31724001032000 (the "Property").  On March 7, 2022, Plaintiffs applied to rezone the Property from Rural Residential ("RR") to Planned Residential District ("PRD") to develop the Property as a 91-home planned development.  On July 18, 2022, following a public hearing, the Township Zoning Commission recommended the

application be approved. The Township Board of Trustees, however, subsequently denied Plaintiffs' application to rezone the Property on August 29, 2022.

Plaintiffs thereafter filed their Complaint in this Court on February 17, 2023. (ECF No. 1.) The Complaint asserted six causes of action: (1) violation of substantive due process under 42 U.S.C. § 1983; (2) violation of procedural due process under 42 U.S.C. § 1983; (3) denial of equal protection under 42 U.S.C. § 1983; (4) declaratory judgment under Ohio law; (5) a regulatory taking under 42 U.S.C. § 1983; and (6) a due process taking under 42 U.S.C. § 1983. (*Id.*) At bottom, Plaintiffs alleged that the Township deprived Plaintiffs of what they contend are their vested rights under the United States and Ohio Constitutions to use the Property for a PRD free from arbitrary, capricious, and unreasonable restrictions. (*Id.*) Plaintiffs also alleged that the Township routinely rezones similar properties from RR to PRD and therefore treated Plaintiffs unequally without any rational basis. (*Id.*) The Township filed a motion to dismiss on April 5, 2013. (ECF No. 8.)

On November 17, 2023, this Court issued an Opinion and Order, granting in part and denying in part the Township's motion. (ECF No. 33.) This Court found that Plaintiffs' Complaint pled three cognizable claims against the Township: (1) denial of equal protection under 42 U.S.C. § 1983; (2) a regulatory taking under 42 U.S.C. § 1983; and (3) declaratory judgment under Ohio law. (*Id.*) The Township filed its Answer on November 30, 2023. (ECF No. 34.) The Parties conducted discovery thereafter.

The Parties attended mediation on April 18, 2024. Through mediation and subsequent negotiations between the Parties, the Parties reached a settlement. After drafting a revised development plan that coincided with the terms of the Parties' settlement, Plaintiffs submitted to the Township a proposed Consent Decree and Final Development Plan. (Joint Exhibit I.)

2

On January 18, 2025, the Township published a notice in the Delaware Gazette that a public hearing on the proposed Consent Decree would be held before the Township Board of Trustees on February 6, 2025. (Joint Exhibit II.) The proposed Consent Decree and Final Development Plan were maintained in the Township Fiscal Officer's office and available for public inspection since January 22, 2025. (Joint Exhibit III, Decl. of Joe Shafer ¶ 4).

The Township Board of Trustees conducted a public hearing on the proposed Consent Decree and Final Development Plan on February 6, 2025. (*Id.* ¶ 5.) A certified copy of the transcript of that hearing is attached to this Motion, together with all Exhibits admitted into the hearing. (Joint Exhibit IV.) At the conclusion of the hearing, the Board approved the proposed Consent Decree and Final Development Plan. (Joint Exhibit III, ¶ 6.)

On February 8, 2025, Plaintiffs published in the Delaware Gazette a notice of submission of the proposed Consent Decree to the Court for review and consideration. (Joint Exhibit V.)

## II. THE REQUIREMENTS OF OHIO REVISED CODE SECTION 505.07 HAVE BEEN SATISFIED

Pursuant to Ohio Revised Code Section 505.07, the Ohio General Assembly expressly authorized townships to settle court actions by a consent decree or court-approved settlement agreement, notwithstanding a referendum, which may include an agreement to rezone the property involved in the action and approval of a development plan. Section 505.07 provides that:

> [A] township may settle any court action by a consent decree or court-approved settlement agreement which may include an agreement to rezone any property involved in the action as provided in the decree or court-approved settlement agreement without following the procedures in section 519.12 of the Revised Code and may also include township approval of a development plan for any property involved in the action as provided in the decree or court-approved settlement agreement, **provided that the Court makes specific findings of fact that notice has been properly made pursuant to this section and the consent decree or court-approved settlement agreement is fair and reasonable.**
>
> If the subject of the consent decree or court-approved settlement agreement involves a zoning issue subject to referendum under section 519.12 of the Revised

3

> Code, the board of township trustees shall publish notice of their intent to meet and consider and take action on the decree or court-approved settlement agreement and the date and time of the meeting in a newspaper of general circulation in the township at least fifteen days before the meeting. The board shall permit members of the public to express their objections to the consent decree or court-approved settlement agreement at the meeting. Copies of the proposed consent decree or court-approved settlement agreement shall be available to the public at the township fiscal officer's office during normal business hours.
>
> At least ten days prior to the submission of a proposed consent decree or settlement agreement to the court for its review and consideration, the plaintiff in the action involving the consent decree or settlement agreement shall publish a notice that shall include the caption of the case, the case number, and the court in which the consent decree or settlement agreement will be filed, the intention of the parties in the action to file a consent decree or settlement agreement, and, when applicable, a description of the real property involved and the proposed change in zoning or permitted use, in a newspaper of general circulation in the township.

(Emphasis added.)

Therefore, to approve the Consent Decree in accordance with the statute, this Court must make the following findings of fact:

1. The Board of Trustees published sufficient notice of its intent to meet and consider and take action on the agreement at least fifteen days before the meeting; and

2. The Plaintiffs published sufficient notice at least ten days prior to the submission of the agreement for this Court's review and consideration; and

3. The agreement is fair and reasonable.

Ohio Rev. Code § 505.07.  Each of these conditions is satisfied.

First, the Township Board of Trustees provided more than fifteen days' notice of its February 6, 2025 hearing.  The Township published notice in the Delaware Gazette on January 18, 2025.  (Joint Exhibit II.)

Second, the Plaintiffs published sufficient notice of the submission of this agreement to the Court.  They published the notice in the Delaware Gazette on February 8, 2025, at least ten days prior to the filing of the proposed Consent Decree.  (*See* Joint Exhibit V.)

4

Third, the agreement is fair and reasonable. The proposed Consent Decree will end the litigation with prejudice with no damages being awarded and each party to bear its own attorneys' fees and costs, a mutual release and waiver, and other terms. (Joint Exhibit I, ¶¶ 19, 20-21, 28.) The Property will be rezoned to PRD and the Final Development Plan approved. (*Id.* ¶ 14.) When compared to the original development denied by the Township Board of Trustees on August 29, 2022, the Consent Decree and Final Development Plan make several compromises between the Parties, including but not limited to:

(1) The Final Development Plan decreases the number of residential homes from 91 to 80 homes (*id.* Ex. 1);

(2) Epcon will construct an emergency access drive (fire apparatus access road) and public stub road consistent with the Final Development Plan over Plaintiffs' and Township property, connecting Fleur Road to the proposed street in the northwest corner of the Property and, due to the access drive, residential sprinkler systems will not be required in the residential units (*id.* ¶ 15);

(3) Epcon will construct on Township property a recreation (walking/bike) path connecting Fleur Road to the Township park property known as Fleur Woods Park, located to the north of the Property and which is currently landlocked (*id.* ¶ 16); and

(4) Space will be preserved for a future private drive between proposed lots 11 and 12 that may provide access to the parcel abutting the Property's western boundary in a manner consistent with the Final Development Plan (*id.* ¶ 16).

Further, Epcon will contribute $100,000 to the Township for the construction of a rural, non-paved hiking/recreational use path in Fleur Woods Park. (*Id.* ¶ 17.) The Township agrees that it shall not take any action to unreasonably delay or withhold submission for approval or acceptance of

any plans, permits, plats, or other approvals necessary to develop, construct or occupy the development of the Property.  (*Id.* ¶ 18.)  The Parties submit that the agreement is a fair and reasonable resolution to disputed claims.

The Parties therefore respectfully request that the Court approve the proposed Consent Decree.

Respectfully Submitted,

s/ *Joseph R. Miller*
Joseph R. Miller (0068463), *Trial Attorney*
Christopher L. Ingram (0086325)
Elizabeth S. Alexander (0096401)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
T/F:  (614) 464-6233
jrmiller@vorys.com
clingram@vorys.com
esalexander@vorys.com

*Counsel for Plaintiffs EC New Vision Ohio, LLC and Mary Jo Vilardo, in her capacity as Trustee of the Phillip J. Vilardo Sr. Irrevocable Trust*

Respectfully submitted,

s/ *David A. Riepenhoff* by s/ *Joseph R. Miller*
per email authority
David A. Riepenhoff (0075089), *Trial Attorney*
David C. Moser (0090834)
FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Fax
driepenhoff@fisheldowney.com
dmoser@fisheldowney.com

*Counsel for Defendant Genoa Township*

## **APPENDIX OF JOINT EXHIBITS**

I.       [Proposed] Consent Decree with Exhibit 1

II.      Affidavit of Publication, affiant Carol Herring, January 18, 2025

III.     Declaration of Joe Shafer, Genoa Township Director of Development and Zoning

IV.     Transcript of the Genoa Township Board of Trustees Special Meeting, February 6, 2025

V.      Affidavit of Publication, affiant Carol Herring, February 8, 2025

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served by the Court's electronic filing notification system on February 21, 2025.

                                                      /s/ *Elizabeth S. Alexander*
                                                      Elizabeth S. Alexander (0096401)

                                                      *Counsel for Plaintiffs*