IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **EC NEW VISION OHIO, LLC et al.,** | : |
| Plaintiffs, | : Civil Action No. 2:23-cv-00691 |
| v. | : Judge Sarah D. Morrison |
| **GENOA TOWNSHIP, OHIO,** | : Chief Magistrate Judge Elizabeth P. Deavers |
| Defendant. | : |

## CONSENT DECREE

This matter is before the Court on the application of the parties, Plaintiffs EC New Vision Ohio, LLC ("Epcon") and Mary Jo Vilardo, in her capacity as Trustee of the Phillip J. Vilardo Sr. Irrevocable Trust (the "Trust") (together, "Plaintiffs") and Defendant Genoa Township, Ohio (the "Township") (collectively, the "Parties"), each of which advises through counsel that they have reached an agreement to resolve all pending claims in this action (the "Litigation") by and through this Consent Decree as proposed by the Parties. It is therefore **ORDERED, ADJUDGED, and DECREED** as follows:

**I.    JURISDICTION AND VENUE**

1. The Court has jurisdiction over the Parties and the subject matter of this action. Venue is proper in this Court.

**II.   BINDING EFFECT**

2. The provisions of this Consent Decree shall apply and be binding upon the Parties, their agents, officers, employees, assigns, successors in interest, and any person acting in concert or in participation with them.

1

## III. BACKGROUND

3. On March 7, 2022, Plaintiffs applied to the Township to rezone the approximately 62.054-acre property at the northwest corner of Big Walnut Road and State Road 3, Parcel No. 31724001032000 (the "Property") from Rural Residential ("RR") to Planned Residential District ("PRD"). Plaintiffs also applied for approval of a Development Plan for the Courtyards at Big Walnut. Specifically, Plaintiffs sought to develop the Property as a 91-home planned development.

4. On July 18, 2022, the Township Zoning Commission conducted a public hearing on Plaintiffs' applications. The Township Zoning Commission recommended approval of the rezoning and development plan.

5. On August 29, 2022, the Township Board of Trustees held a public hearing on Plaintiffs' applications. The Township Board of Trustees denied the rezoning application. Plaintiffs allege that the Township unlawfully rejected the application during the August 29, 2022 meeting.

6. Alleging that the August 29, 2022 vote denying the rezoning application is unlawful, Plaintiffs filed suit in this Court on February 17, 2023. Plaintiffs allege that the Township deprived Plaintiffs of what they contend are their vested rights under the United States and Ohio Constitutions to use the Property for a PRD free from arbitrary, capricious, and unreasonable restrictions. Additionally, Plaintiffs allege that the Township routinely rezones similar properties from Rural Residential to PRD and therefore has treated Plaintiffs unequally without any rational basis.

7. Plaintiffs' Complaint asserts six causes of action: violation of substantive due process under 42 U.S.C. § 1983; violation of procedural due process under 42 U.S.C. § 1983;

denial of equal protection under 42 U.S.C. § 1983; declaratory judgment under Ohio law; a regulatory taking under 42 U.S.C. § 1983; and a due process taking under 42 U.S.C. § 1983.

8. On April 5, 2023, the Township filed a motion to dismiss.

9. On November 17, 2023, this Court issued an Opinion and Order, granting in part and denying in part the Township's motion. This Court found that Plaintiffs' Complaint pled three cognizable claims against the Township: (1) denial of equal protection under 42 U.S.C. § 1983; (2) a regulatory taking under 42 U.S.C. § 1983; and (3) declaratory judgment under Ohio law.

10. In the Litigation, Plaintiffs seek declaratory judgments, a permanent injunction, compensatory damages, and Plaintiffs' attorneys' fees and costs.

11. The Township filed its Answer on November 30, 2023, denying that it violated Plaintiffs' rights and denying any liability, and the Parties conducted discovery thereafter.

12. The Parties conducted mediation through which the settlement embodied in this Consent Decree was reached.

13. The Parties' settlement includes the following stipulations and terms described below.

## IV. STIPULATIONS AND SETTLEMENT OF THE PARTIES

14. Plaintiffs and the Township stipulate that, and by this Consent Decree, it is ordered that the Township has approved Plaintiffs' submittal to rezone the Property to PRD and the Plaintiffs' revised Development Plan under Ohio Revised Code Section 505.07. A true and accurate copy of the revised (Final) Development Plan, which reflects the Property's rezoning to PRD as approved by the Township, is attached hereto as Exhibit 1 and is incorporated herein by reference.

15. Plaintiffs and the Township stipulate that, and by this Consent Decree, Epcon will construct an emergency access drive (fire apparatus access road) and public stub road consistent with the Final Development Plan over Plaintiffs' and Township property connecting Fleur Road to the proposed street in the northwest corner of the Property, subject to approval by the Genoa Township Fire Department, which will contain traffic control devices controlled by the Township's fire department. Other than constructing this access drive, no construction traffic shall be permitted on Township property to build or service the development. Due to this second access drive, residential sprinkler systems will not be required in any of the development's residential units.

16. Plaintiffs and the Township stipulate that, and by this Consent Decree, in conjunction with the emergency access drive described above, Epcon will construct on Township property, a recreation (walking/bike) path connecting Fleur Road to the Township park property known as Fleur Woods Park, located to the north of the Property and which is currently land-locked. Further, that space be preserved for a future private drive, between proposed lots 11 and 12, that may provide access to the parcel abutting the Property's western boundary in a manner that is consistent with the Final Development Plan.

17. Plaintiffs and the Township stipulate that, and by this Consent Decree, prior to the issuance of a certificate of zoning compliance for a residential structure in the development, Epcon or its successor(s) will contribute One Hundred Thousand Dollars ($100,000) to the Township for construction of a rural, non-paved hiking/recreational use path in Fleur Woods Park that is consistent with the Fleur Woods Vision Statement.

18. Plaintiffs and the Township stipulate that, and by this Consent Decree, the Township shall not take any action to unreasonably delay or unreasonably withhold submission

for approval or acceptance of any plans, permits, plats or other approvals necessary to develop, construct or occupy the development of the Property.

19. Plaintiffs and the Township stipulate that, and by this Consent Decree, the Township will not pay any of Plaintiffs' monetary damages, attorney fees, or litigation costs.

20. As part of the Parties' settlement and as of the date of this Consent Decree, Plaintiffs, their employees, agents, representatives, attorneys, assigns, heirs, executors, and administrators, and any other party who they control or may claim under or through them, release, remise, waive and forever discharge the Township, its trustees, commissioners, officers, officials, directors, members, employees, agents, representatives, predecessors or successors, attorneys, assigns, heirs, executors, administrators, and insurers, in their individual and official capacities, from any and all promises, claims, demands, controversies, liens, liabilities, trespasses, judgments, executions, guarantees, warranties, covenants, rents, debts, suits, causes of action, costs, damages, claims for pre or post-settlement interest, losses, sums of money, offsets, or any other potential remedy, in any action whatsoever, in law or equity, whether known or unknown, past and current, that in any way arise out of or relate to the allegations in the Litigation including, but not limited to, the claims raised in and/or claims which could have been raised in the Litigation and/or the zoning or referendum processes referenced in the Litigation. This release and waiver does not limit Plaintiffs' or the Township's ability to enforce this Consent Decree.

21. As part of the Parties' settlement and as of the date of this Consent Decree, the Township, and its trustees, commissioners, officers, officials, directors, members, employees, agents, representatives, predecessors or successors, attorneys, assigns, heirs, executors, administrators, and insurers, in their individual and official capacities, and any other party who it controls or may claim under or through them, release, remise, waive and forever discharge

5

Plaintiffs, their employees, agents, representatives, attorneys, assigns, heirs, executors, and administrators, from any and all promises, claims, demands, controversies, liens, liabilities, trespasses, judgments, executions, guarantees, warranties, covenants, rents, debts, suits, causes of action, costs, damages, claims for pre or post-settlement interest, losses, sums of money, offsets, or any other potential remedy, in any action whatsoever, in law or equity, whether known or unknown, past and current, that in any way arise out of or relate to the allegations in the Litigation including, but not limited to, the claims raised in and/or claims which could have been raised in the Litigation and/or the zoning or referendum processes referenced in the Litigation. This release and waiver does not limit Plaintiffs' or the Township's ability to enforce this Consent Decree.

22. This Consent Decree acknowledges that Plaintiffs and the Property shall not be exempt from all other requirements of the Zoning Resolution as applied to the Property or from any other requirement of law or by another governmental authority. The Township Zoning Inspector maintains authority under Section 2710.01 of the Genoa Township Zoning Resolution to authorize modifications to the Development Plan as outlined in that Section and requested by the developer.

23. Plaintiffs and the Township acknowledge that this Consent Decree represents the compromise of disputed contentions and claims between the Parties concerning the Litigation and related claims, and the Consent Decree shall not be construed as: (a) an admission of the truth or falsity of any contentions or claims heretofore asserted; or (b) an acknowledgment of an admission of liability by Plaintiffs or the Township, which are expressly denied. All Parties explicitly deny any and all liability to each other.

## V. FINDINGS OF THE COURT

24. Based upon the Joint Exhibits submitted by the Parties to and reviewed by the

Court, the Court finds that the complete submittal for rezoning and Final Development Plan approval for the Property, including the applicable development text, as well as this Consent Decree, have been available to the public at the Township fiscal officer's office pursuant to Ohio Revised Code Section 505.07. The Court further finds that the Parties have satisfied the notice and hearing requirements of Ohio Revised Code Section 505.07.

25. The Court has reviewed the Parties' stipulations and settlement as set forth above, the pleadings and proceedings in this matter to date, and the Joint Exhibits submitted by the Parties to this Court and finds that this Consent Decree and the Parties' settlement is fair and reasonable.

26. The Court hereby Orders that, pursuant to Ohio Revised Code Section 505.07, the Property is rezoned to PRD and the Final Development Plan is approved.

## VI. COSTS

27. Each Party will bear its own attorneys' fees and costs.

## VII. RETENTION OF JURISDICTION

28. This case is hereby dismissed with prejudice, subject, however, to this Court retaining jurisdiction over this action for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

**IT IS SO ORDERED.**

2-27-25
Date

Judge Sarah D. Morrison

**AGREED:**

s/ *Joseph R. Miller*
Joseph R. Miller (0068463), *Trial Attorney*
Christopher L. Ingram (0086325)
Elizabeth S. Alexander (0096401)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43216-1008
Phone: (614) 464-6400
Fax: (614) 719-4630
jrmiller@vorys.com
clingram@vorys.com
esalexander@vorys.com

*Counsel for Plaintiffs EC New Vision Ohio, LLC and Mary Jo Vilardo, in her capacity as Trustee of the Phillip J. Vilardo Sr. Irrevocable Trust*

s/ *David A. Riepenhoff* by s/ *Joseph R. Miller* per email authority
David A. Riepenhoff (0075089), *Trial Attorney*
David C. Moser (0090834)
FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Fax
driepenhoff@fisheldowney.com
dmoser@fisheldowney.com

*Counsel for Defendant Genoa Township*